ATLANTIC LAND AND IMPROVEMENT COMPANY v. PEACE CREEK DRAINAGE DISTRICT, a corporation, J. E. CRUMP, *et al.,* constituting the Board of Supervisors of Peace Creek Drainage District, and P. N. HENDERSON, Collector of Taxes for Polk County.

185 So. 618.

Opinion Filed December 31, 1938.

*T. Paine Kelly,* for Appellant;

*Touchton & Crittenden,* for Appellees.

BUFORD, J.—The appeal brings for review order dismissing bill of complaint the purpose of which was to enjoin the collection of special maintenance tax levied in behalf of Peace Creek Drainage District.

The bill of complaint attacks the legality of the Board of Supervisors of the Drainage District as now constituted and challenges the authority of the persons assuming to act as constituting such Board. We may pass this phase of the bill by saying that a bill for injunction is not the proper method of challenging the authority or the legal existence of the Board because of illegality or irregularity incident to the creation of or the election or appointment of members of the Board.

The Drainage District involved in this case was created under the provisions of Chapter 6458, Acts of 1913. Section 42 of the Act became Section 1139 of Revised General Statutes of Florida, 1920, and as amended by Chapter 9129, Acts of 1923, and Chapter 10281, Acts of 1925, has been brought forward as Section 1496, Compiled General Laws, reading as follows:

"Maintenance Tax. — To maintain and preserve the ditches, drains or other improvements made pursuant to this Article and to repair and restore the same, when needed,

and for the purpose of defraying the current expenses of the district, including any sum which may be required to pay State and County taxes on any lands which may have been purchased and which are held by the district under the provisions of this Article, the Board of Supervisors may, upon the completion of the said improvement, in whole or in part as may be certified to the said board by the chief engineer, and on or before the first day of October in each year thereafter, levy a tax upon each tract or parcel of land within the district to be known as a 'maintenance tax.' Said maintenance tax shall be apportioned upon the basis of the net assessments of benefits assessed as accruing for original construction, shall not exceed ten per cent thereof in any one year, and shall be certified to the collector of each county in which lands of said district are situate in the same book and in like manner and at same time as the annual installment of tax is certified, but in a separate column under the heading 'maintenance tax.' Said collector shall demand and collect the maintenance tax and make return thereof and shall receive the same compensation therefor, and be liable for the same penalties for failure or neglect so as to do as is provided herein for the annual installment of taxes."

Motion to dismiss bill of complaint was interposed and thereafter the bill of complaint was amended. Motion to dismiss was thereafter interposed and sustained, from which order the appeal is taken.

The bill of complaint does not allege that there exists no need to maintain and preserve the ditches, drains or other improvements or to repair and restore the same. It does not allege that the tax has not been apportioned upon the basis of the net assessments of benefits accruing for original construction, nor does it allege that the levy com-

plained of is in excess of 10% of the assessment of benefits accruing for original construction.

The bill of complaint does not allege nor describe the lands in the District which are assessable for taxes at time complained of. The bill of complaint alleges that as to a great portion of the lands within the District taxes heretofore assessed have not been paid and have become delinquent. It does not allege whether or not taxes are assessable against those lands which have heretofore become delinquent nor does it show either the area or assessable value of the lands within the District which are now subject to be assessed for taxation. Nor does the bill allege that all lands within the District are subject to taxation because of having received benefits from the reclamation project.

The allegations of the bill do not deny that the lands involved belonging to the complainant received benefits from the reclamation project. And the bill does not allege that no benefits were received by the lands described in the bill of complaint.

We think that the allegations of the bill are insufficient to warrant the relief prayed and that there is no error in the order dismissing the bill.

Therefore, that order is affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CUAPMAN, J. J,. concur.